328

Hunt, Appellant, *v.* Herman Pneumatic
Machine Co.

Argued April 10, 1972.   Before Wright, P. J., Watkins, Jacobs, Hoffman, Spaulding, Cercone, and Packel, JJ.

*A. R. Cingolani, Jr.,* with him *Cingolani & Cingolani,* for appellant.

*Chester R. Gilchrist,* with him *Coulter, Gilchrist, Dillon & McCandless,* for appellee.

OPINION BY SPAULDING, J., June 15, 1972:

This is an appeal from an order granting a new trial entered on August 17, 1971, by a court en banc of the Court of Common Pleas of Butler County.[1] The order followed a jury verdict in the sum of $7,364.41 plus interest in favor of appellant Richard E. Hunt and against appellee Herman Pneumatic Machine Company.

Appellant brought this action in assumpsit based on an oral contract for the demolition of a building owned by appellee. Appellant performed the work due under the contract on schedule and to the satisfaction of appellee. A dispute between the parties arose over the amount appellee had agreed to pay appellant. Appellant contends that under the contract, negotiated during January 1969, he was to be paid the fixed sum of $11,940.00. Appellee denies that the contract was for a fixed sum and alleges that under their agreement appellant was to be compensated at the rate of cost plus

---

[1] The order also denied appellee's motion for judgment n.o.v., which ruling appellee does not challenge on this appeal.

50% ($4,579.59), which amount has been paid to him. A jury found in favor of appellant and their award is approximately the balance of what he contended was owed under the contract after subtracting the amount appellee had already paid.[2]

Immediately prior to trial, appellant requested a ruling by the trial judge regarding the admissibility of testimony he sought to introduce pertaining to a third party's bid on the demolition work which was received by appellee. The trial judge ruled that the proffered testimony was irrelevant and therefore inadmissible. Despite this ruling, counsel for appellant, as determined by the court en banc, "repeatedly attempted to get this 'other bid' before the jury". In both his questioning of the witnesses and his closing argument to the jury, counsel continually alluded to this inadmissible evidence, despite repeatedly sustained objections and admonishments by the court. On this basis, the court en banc, notwithstanding the jury's verdict for appellant, concluded "that in the interests of justice a new trial should be granted".

Appellant makes two arguments on this appeal. He asserts that even assuming the trial court's ruling against admitting the proffered evidence was correct, counsel's reference to the inadmissible evidence was neither sufficiently prejudicial to appellee nor properly objected to on the record and the grant of a new trial is therefore not justified. In the alternative, appellant urges that the trial court's refusal to admit the evidence relating to another bid for the same work was incorrect and that such evidence should be permitted on retrial.

I

Our review of the granting of a new trial is limited. As stated, by President Judge WRIGHT, in *Doytek v.*

---

[2] §11,940.00—$4,579.59=$7,360.41.

*Bobtown R. and G. Club,* 216 Pa. Superior Ct. 368, 373, 268 A. 2d 149 (1970) : "Although some of us might not have granted a new trial in the case at bar, the grant or refusal of a new trial will not be reversed on appeal in the absence of abuse of discretion or an error of law which controlled the outcome of the case: Weed v. Kerr, 416 Pa. 233, 205 A. 2d 858. . . . The grant of a new trial is an inherent power and immemorial right of the trial court, and its duty is to grant a new trial when convinced that the judicial process has resulted in the working of an injustice: Gallihue v. Penn Fruit Co., 196 Pa. Superior Ct. 325, 175 A. 2d 96. And see Getz v. Balliet, 431 Pa. 441, 246 A. 2d 108."[3] This holds true in the instant case, where the court en banc specifically found that the "interest of justice" required the granting of a new trial. Further, even if the court below did err in not admitting appellant's proffered evidence, this was not a mistake of law "which controlled the outcome of the case".

Appellant's argument, that counsel's references to inadmissible evidence on which the granting of a new trial was based were neither objected to on the record nor prejudicial, is unpersuasive. Appellee's counsel continually objected to appellant's counsel referring to the "other bid". He finally summarized all of his objections and moved for the withdrawal of a juror or a mistrial. R. 144a-146a. This procedure, contrary to appellant's argument, preserves the point for our review. In *Hill v. Gerheim,* 419 Pa. 349, 353, 214 A. 2d 240 (1965), the Supreme Court held that: "While the better practice would have been to move for the withdrawal of a juror, we deem the objection sufficient to preserve the point for review, particularly where, as here, the trial court itself concluded that the plaintiff

---

[3] Accord, *Isaac v. Continental Casualty Co.,* 442 Pa. 480, 276 A. 2d 299 (1971).

[here the defendant] had been unfairly prejudiced." [Citation omitted.] Here, appellee followed the "better practice".

Appellant's contention that no prejudice resulted from counsel's references to inadmissible evidence is also refuted by our case law. The insinuations by counsel were such as to seriously prejudice appellee and the fact that the court sustained objections to the questions is of little comfort since the harm had already been done. *Hill,* supra, at 352. See, *Commonwealth v. Jenkins,* 413 Pa. 606, 198 A. 2d 497 (1964). In the minds of the jury, the insinuations of counsel may well have been more persuasive than if the evidence had been admitted. Appellee would then have had the opportunity of cross-examination, by which he could have attacked reliability, relevance, and importance. "It is well established that any statements by counsel, not based on evidence, which tend to influence the jury in resolving the issues before them . . . are improper and will not be countenanced . . . . '[A] verdict obtained by incorrect statements or unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony':" [Citations omitted.] *Narciso v. Mauch Chunk Twp.,* 369 Pa. 549, 551, 87 A. 2d 233 (1952). The court en banc therefore properly granted a new trial.

## II

The evidentiary question raised by appellant has been critically viewed by several commentators in the face of inconsistent judicial determinations. Professor McCormick suggests that:

"[W]hen evidence of other contracts is offered as evidence on the issue of the terms or making of the contract in suit, the courts have shown a surprisingly stiff attitude, beguiled perhaps by the mystical influ-

ence of the *res inter alios acta*[4] phrase or misled by a confusion of the requirements of sufficiency and relevancy. . . . Many courts, . . . hold that a party's other contracts with third persons offered as evidence of the terms of the disputed contract are inadmissible.

"This is too inflexible and bars out information valuable to the trier. Contracts of a party with third persons may show the party's customary practice and course of dealing and thus be highly probative as bearing on the terms of the present agreement. . . .

"No strict rules or limits of admissibility are appropriate. There is no danger of unfair prejudice here. . . . [T]he courts should admit the evidence of other contracts in all cases where the testimony as to the terms of the present bargain is conflicting, and where the judge *in his discretion* finds that the probative value of the other transactions outweighs the risk of waste of time and confusion of issues." [Emphasis added.] McCormick, Evidence, §165 at 347-348 (1954).[5] We adopt this standard in factual situations such as the present action. In cases requiring a determination of the terms of an *oral* contract, circumstances leading up to and surrounding the making of the contract, including evidence of other bids, proposals or contracts with a third party, are admissible where the trial judge finds that their probative value outweighs the risk of confusing the issues or unnecessarily wasting time. See, *Williams v. Moodhard*, 341 Pa. 273, 19 A. 2d 101 (1941).[6] On retrial, the court should measure the proffered testimony by this standard.

The order granting a new trial is affirmed.

---

[4] Defined as: A thing done between others; or, between third parties. Black, Law Dictionary (4th ed. 1951).

[5] Compare, 17A C.J.S. *Contracts* §592(b) (1963); 2 Wigmore, Evidence, §377(2)(b) (3d ed. 1940).

[6] See also, 17A C.J.S. *Contracts* §§592-593 (1963).