557 A.2d 836

## The City of Wilkes-Barre, Appellant *v.* William Zaledonis, Appellee.

Argued April 3, 1989, before Judges McGINLEY and SMITH (P.), and Senior Judge NARICK, sitting as a panel of three.

*Eugene D. Sperazza,* with him, *George A. Spohrer, Hourigan, Kluger, Spohrer & Quinn, P.C,* for appellant.

*Joseph E. Janc,* with him, *Richard J. Confair, Confair & Associates,* for appellee.

OPINION BY SENIOR JUDGE NARICK, April 26, 1989:

The City of Wilkes-Barre (City) has appealed from an order of the Court of Common Pleas of Luzerne County. For the reasons set forth herein, we affirm.

The events which precipitated the instant appeal are as follows. William Zaledonis (Appellee) sustained serious injuries when a motorcycle which he was riding struck a metal cable which was strung across lands owned and controlled by the City. After a jury trial, Appellee was awarded $186,454.89. Because the jury also found Appellee to be 50% contributorily negligent, the trial

court reduced the verdict by one half of $186,454.89 or $93,227.45. The City thereafter requested the court to mold the verdict in accordance with Section 8553(d) of the Judicial Code (Code), 42 Pa. C. S. §8553(d) and grant the City credit for the amount of monies received by Appellee from medical insurance and medical assistance. In response to this request, the verdict was reduced to $64,605.15 in order to reflect one half of the amount of medical insurance benefits received by Appellee. The City filed a motion for post-trial relief contending that the court failed to reduce the verdict by the entire amount of medical insurance and medical assistance benefits. The court denied this request for relief concluding that one half of Appellee's medical expenses was deducted the first time the jury verdict was reduced taking into consideration Appellee's contributory negligence and that the remaining medical expenses were deducted the second time the verdict was reduced. Also, the trial court rejected the City's request to reduce the verdict by the amount of Appellee's medical assistance payments. Hence, this appeal.

Thus, the issue presented for our consideration on review is whether the trial court erred in failing to reduce the molded verdict by the entire amount of medical insurance benefits and medical assistance benefits received by Appellee.

It is the City's position that the molded verdict of $93,227.45 should be reduced by $57,244.61—the total insurance payments received by Appellee—as well as by $4,031.96—the total medical assistance payments received by Appellee, or a total of $61,275.57. Therefore, according to the City, the total amount due Appellee is $31,951.88.[1] Appellee, adopting the trial court's reason-

---

[1] Actually, there is a minor mathematical error in the City's calculations because the correct total of $57,244.61 and $4,031.96 is $61,276.57; and therefore, if the City's position were correct, the verdict would be reduced to $31,950.88.

ing, counters that the $93,227.45 verdict should only be reduced by $28,622.31 or one half of the total medical insurance payments received by Appellee because the remaining one half of insurance payments received by Appellee was deducted from the verdict when the court, taking into consideration Appellee's contributory negligence, reduced the verdict from $186,454.89 to $93,227-.45. Therefore, according to Appellee, his total damage award is $64,605.15.

As to the medical assistance payments, Appellee contends that such payments are not benefits received under a policy of insurance; and therefore, cannot be deducted from the verdict.

Section 8553(d) of the Code provides:

If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

A plaintiff's recovery will be limited by Section 8553(d) of the Code where a collateral source of benefits exists and the insurance benefits received by the plaintiff will be deducted from the damages for which the municipality would otherwise be liable. *General Accident Insurance Co. v. City of Philadelphia,* 114 Pa. Commonwealth Ct. 528, 539 A.2d 59 (1988); *Gubernick v. City of Philadelphia,* 85 Pa. Commonwealth Ct. 397, 481 A.2d 1255 (1984). Thus, only those losses for which insurance benefits are not available are recoverable from a municipality. *City of Philadelphia v. Nationwide Insurance Co.,* 92 Pa. Commonwealth Ct. 20, 498 A.2d 462 (1985). Clearly, when Appellee was found 50% contributorily negligent, one half of his medical expenses was deducted

from the original jury award leaving the City responsible for the remaining one half or $28,622.31. Therefore, it was only proper for the trial court to reduce the jury award the second time by only $28,622.31. To adopt the City's argument would be reducing the jury award by one and a half times the total insurance payments received by Appellee.[2]

As to the medical assistance payments received by Appellee, these were not payments received under a policy of insurance. Therefore, Section 8553(d) of the Code is inapplicable.

Accordingly, for the reasons set forth herein, the order of the court of common pleas is affirmed.

## ORDER

AND NOW, this 26th day of April, 1989, the order of the Court of Common Pleas of Luzerne County is affirmed.

---

[2] Contrary to the City's contentions, *Arta, Inc. v. Ryan Corp. and City of Philadelphia,* 110 Pa. Commonwealth Ct. 1, 531 A.2d 857 (1987), *petition for appeal denied,* 520 Pa. 584, 549 A.2d 916 (1988), does not recognize the method of reduction which the City seeks to adopt in this case. In *Arta,* because the trial court precluded the appellant from presenting evidence regarding the amount of proceeds that actually went to attorney and accountant fees, this Court ordered a remand in order to permit the appellant to present such evidence.