128 Pa. Commonwealth Ct. 72 (1989)
562 A.2d 985
PENNSYLVANIA STATE LODGE OF THE FRATERNAL ORDER OF POLICE, by its Trustee Ad Litem Francis P. BASCELLI et al., Petitioners,
v.
Donald BAILEY, Auditor General of the Commonwealth of Pennsylvania and the Office of Auditor General of the Commonwealth of Pennsylvania, Respondents.
Commonwealth Court of Pennsylvania.
Argued April 3, 1989.
Decided August 4, 1989.
*73 Gary M. Lightman, Anthony C. Busillo, II, Michael J. McGovern, Harrisburg, for petitioners.
William T. Simmons, Robert J. Schwartz, Deputy Chief Counsel, with him, Paul Yatron, Chief Counsel, Harrisburg, for Auditor Gen.
Robert C. Bell, Amicus Curiae for Public Employees Retirement Study Commission.
Before McGINLEY, SMITH (P.), JJ., and NARICK, Senior Judge.
SMITH, Judge.
Petitioners, Pennsylvania State Lodge of the Fraternal Order of Police, Thomas Megless and William Evens, filed a petition for declaratory judgment against Donald Bailey and *74 the Office of the Auditor General of the Commonwealth of Pennsylvania (Respondents).[1] Petitioners and Respondents have filed cross motions for summary judgment; Petitioners' motion is denied and Respondents' motion is granted.
The issue is whether Section 402(e)(2) of the Municipal Pension Plan Funding and Standard Recovery Act (Act)[2] requires municipalities to base the proportion of state aid distributed to its pension plans upon a unit allocation formula[3] or whether each municipality, which receives General Municipal Pension System State Aid, is allowed to annually determine the portion of its aid to be distributed among its various pension funds, subject to the requirements of Chapter 3 of the Act.[4]
A motion for summary judgment is an appropriate procedural device in a declaratory judgment proceeding. Pennsylvania Public Utility Commission Bar Association v. Thornburgh, 62 Pa.Commonwealth Ct. 88, 434 A.2d 1327 (1981), affirmed, 498 Pa. 589, 450 A.2d 613 (1982). In order for a summary judgment motion to be sustained, the case must be clear and free from doubt, the moving party must prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; and the record must be viewed in the light most favorable to the non-moving party. Id. The parties agree that there is no genuine issue of material fact to be resolved in this matter.
Petitioners represent police officers who are members of municipal pension funds in Pennsylvania. Respondents have responsibilities under the Act for promulgating necessary rules and regulations to administer the Act. In this *75 capacity, Respondents advised municipalities, which have more than one pension plan, that each municipality must annually determine the portion of its aid to be deposited in its various pension funds. Petitioners challenge this interpretation of the Act and argue that municipalities may not divert state aid attributable to police officers to other pension funds because it requires excessive police contributions.
Section 402(g) of the Act, 53 P.S. § 895.402(g) provides: Authorized expenditures of general municipal pension systems State aid.
Any general municipal pension system State aid received by a municipality shall only be used to defray the cost of the pension plan or pension plans maintained by the municipality. If only one pension plan is maintained by the municipality, then the total amount of the general municipal pension system State aid received by the municipality shall, within 30 days of receipt by the treasurer of the municipality, be deposited in the pension fund or the alternate funding mechanism applicable to the pension plan. If more than one pension plan is maintained by the municipality, then the governing body of the municipality shall annually determine the proportion of the total amount of the general municipal pension system State Aid received by the municipality which shall be credited to each pension plan and the total amount of the general municipal pension system State aid received by the municipality shall, within 30 days of receipt by the treasurer of the municipality, be deposited in the pension funds or alternate funding mechanisms applicable to the respective pension plans in accordance with that determination. (Emphasis added).
Petitioners argue that this section must be read to require a unit allocation plan as set forth in Section 402(e)(2), (3), thus allowing municipalities no discretion to determine the amount of aid to be allocated to each pension plan.
Every word, sentence or provision in a statute must be given effect. Daly v. Hemphill, 411 Pa. 263, 191 *76 A.2d 835 (1963). Additionally, in construing the language of a statute, this Court must assume that the legislature intended that every word of a given statute would have effect and that the legislature uses words in their standard and accepted sense. Crusco v. Insurance Co. of North America, 292 Pa.Superior Ct. 293, 437 A.2d 52 (1981). Section 402(g) clearly allows a municipality discretion in determining how to allocate State aid to its various pension plans. The statute specifically allows the municipality to "determine the proportion of the total amount of the general municipal pension system State aid received by the municipality which shall be credited to each pension plan. . . ." The municipality is not directed to follow a certain method as urged by Petitioners, but is given discretion to determine the proportion or the amount to be allocated to each pension plan. If the legislature had intended to require a set proportion to be allocated to a certain pension plan, it clearly could have done so and it did not. Where the language of a statute is explicit and clear, this Court will not disturb the plain meaning of that language by resorting to the rules of statutory construction. Philadelphia Housing Authority v. Pennsylvania Labor Relations Board, 508 Pa. 576, 499 A.2d 294 (1985). Therefore, a municipality clearly is not mandated by the Act to follow a unit allocation method.
As a general rule, pension statutes are to be liberally construed in favor of the pensioner; however the consequences of a particular construction may be considered whenever a statute is susceptible to more than one interpretation. Borough of Beaver v. Liston, 76 Pa.Commonwealth Ct. 619, 464 A.2d 679 (1983); Section 1922(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(5). Potentially, the construction urged by Petitioners would result in funding disparities among the different pension plans, a result which the General Assembly intended to remedy by the Act. Such a result would tend to favor the private interest of Petitioners and their members instead of the general interest of all of the pensioners. However, it is *77 clear that Pennsylvania law requires statutes to be interpreted so as to favor public rather than private interests. Schaefer v. Hilton, Secretary of Property and Supplies, 13 Pa.Commonwealth Ct. 349, 318 A.2d 365 (1974); 1 Pa. C.S. § 1922(5). Consequently, this Court will not interpret Section 402(g) of the Act in such a way that would favor Petitioners and be detrimental to other pensioners.
Finally, Petitioners argue that the Respondents' interpretation contravenes the legislative intent of the Act in that it allows municipalities to look first at the cost of a pension plan instead of at the number of employees in a plan. In support of this contention, Petitioners claim to cite recommendations of the Public Employee Retirement Study Commission (Commission) which allegedly supports its position. This Court notes that an amicus curiae brief was filed in support of Respondents' motion for summary judgment by the Commission. In its brief, the Commission notes that its 1983 report to the General Assembly determined that current State pension aid dedicated to offset costs of particular pension plans produced an inequitable and inefficient municipal pension funding; and, therefore the Commission recommended that future State aid be nonrestrictive, allowing municipalities discretion to allocate the aid consistent with the actuarial funding requirements of its pensions plans.
Furthermore, this Court takes note of the Public Employee Retirement Study Commission Act, Act of July 9, 1981, P.L. 208, 43 P.S. §§ 1401-1411, in which the General Assembly declares that considerable, serious and growing unfunded liabilities have been found in local government pension funds, that public employee retirement policy is of vital concern, and that the General Assembly intends to monitor public employee retirement plans and to assure their actuarial viability. The legislature has apparently sought to cure inequities in past public employee retirement systems. Thus, requiring municipalities to base the proportion of State aid distributed to its pension plans upon a unit allocation formula would contravene the legislative intent of the Act.
*78 This Court finds that Respondents have properly interpreted Section 402(g) of the Act as a matter of law, and accordingly, Respondents' motion for summary judgment must be granted. Petitioners' motion for summary judgment is denied.

ORDER
AND NOW this 4th day of August, 1989, Respondents' motion for summary judgment is granted and Petitioners' motion for summary judgment is denied.
McGINLEY, J., dissents.
McGINLEY, Judge, dissenting.
I dissent from the majority's interpretation of Section 402(g) of the Municipal Pension Plan Funding Standard and Recovery Act (Act), 53 P.S. § 895-402(g).
Every word, sentence or provision in a statute must be given effect and the legislature has authorized the governing body of the municipality to annually determine "the proportion of the total amount of the general municipal pension system State aid received by the municipality which shall be credited to each pension plan." Section 402(e)(1) of the Act, 53 P.S. § 895-402(e)(1) directs allocation of the State aid to the recipient municipality based upon the number of certified units, a unit being a participant in the plan. Pursuant to Section 402(e)(2) of the Act, 53 P.S. § 895-402(e)(2), the applicable number of units attributable to each eligible recipient county of the second class shall be two units for each police officer, and for eligible cities, boroughs, towns and townships the applicable number is two units per police officer, two units per firefighter and one unit per other employee. Section 402(g) must be read in conjunction with 402(e) and the aid distributed proportionately by the municipality.
The legislature adopted a unit allocation formula for funding and I interpret 402(g) as requiring the municipalities to allocate the aid to the various pension plans consistently *79 with the funding formula, in other words, proportionately.
I would grant Petitioner's motion for summary judgment and deny Respondent's motion.
NOTES
[1] This Court has original jurisdiction pursuant to 42 Pa.C.S. § 761.
[2] Act of December 18, 1984, P.L. 1005, as amended, 53 P.S. §§ 895.101-895.803.
[3] A unit allocation formula would require that each municipality allocate its state aid under the Act based on the applicable number of units to the members of each fund.
[4] Chapter 3 sets out financial requirements for municipal pension plans including minimum funding standards, minimum municipal obligations, actuarial cost estimates required for benefit plan modifications and enforcement procedures.