624 A.2d 190

William MARBLE and Shirley Marble, H/W

v.

FRED HILL & SON

v.

LOUISVILLE LADDER COMPANY.

**Appeal of LOUISVILLE LADDER COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1993.

Filed May 5, 1993.

Donald J. Sweeney, Philadelphia, for appellant.

Barry L. Gross, Newtown, for appellee.

Before McEWEN, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Bucks County, entered on April 27, 1992, whereby the lower court granted appellees' motion for reconsideration and reinstated its order of May 13, 1991, which denied appellant the opportunity to amend its new matter and assert the affirmative defense of the statute of limitations. Finding the order in question to be interlocutory, we quash this appeal and remand for trial.

Instantly, we review a record replete with procedural missteps, and a summary of the relevant procedural history is warranted. On May 8, 1991, appellant filed a motion to amend its answer and new matter so that it could affirmatively plead the defense of the statute of limitations. Following argument, leave to amend was denied on May 13, 1991. Later that same day, appellant filed a notice of appeal from the order of May 13, 1991, which denied its request for leave to amend. On May 14, 1991, appellant made an oral motion for reconsidera-

tion which was denied. The case was then continued pending the appeal.

On May 17, 1991, appellant withdrew, pursuant to Pa. R.App.P. 1701(b)(3), its appeal from the order of May 13, 1991, but filed a second notice of appeal. This second appeal was taken from the court's order of May 14, 1991, which denied his motion for reconsideration. The court directed that appellant file a concise statement of matters complained of on appeal, and appellant complied, alleging it was error to deny it leave to amend its new matter. On December 2, 1991, the lower court entered its opinion pursuant to Pa.R.App.P. 1925, wherein it stated: "Upon review and reconsideration, this Court agrees that its orders of May 13 and May 14, 1991 should be reversed thereby allowing Additional Defendant/Appellant Louisville Ladder the opportunity to amend its New matter and assert the Statute of Limitations as an affirmative defense."

The record was then sent to the Superior Court on December 5, 1991. However, appellant, apparently believing the court's Rule 1925 opinion granted it leave to amend, again praeciped to withdraw its appeal. Appellant also filed an amended answer and new matter pleading the defense of the statute of limitations on December 6, 1991. Appellees responded to the new matter on December 10, 1991. Shortly thereafter, on December 18, 1991, the appeal was discontinued by this Court because of appellant's second praecipe to withdraw appeal.

On December 31, 1991, appellees filed a motion for reconsideration of the trial court's "opinion" of December 2, 1991, which the parties believed to be an "order" granting appellant's motion for leave to amend. Appellant responded to the motion for reconsideration. Following another hearing, the lower court granted the motion for reconsideration and reinstated its order of May 13, 1991, once again denying appellant's request for leave to amend its complaint to include the affirmative defense of the statute of limitations.

Notice of appeal was again filed, and appellant filed a second statement of matters complained of on appeal, in which

it alleged it was error to deny it leave to amend its new matter. In the Rule 1925 opinion *sub judice,* the lower court tersely states, "Please be advised that, upon review of Appellant's Statement of Matters Complained of, it does not appear that a written opinion is necessary. This Court stands on the record."[1]

Herein, appellant contends that the lower court erred in its order of April 27, 1991, when it denied it leave to amend its new matter to include the affirmative defense of the statute of limitations. Before we can address the merits of the issues raised by appellant, we must first determine whether an order which denies a defendant leave to amend its new matter to include the affirmative defense of the statute of limitations is a final, appealable order.

■ The law is clear that a "pre-trial order precluding the assertion of an affirmative defense which 'prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense,'" is "final" and thus, "appealable." *Mineo v. Tancini,* 517 Pa. 335, 338, 536 A.2d 1323, 1324 (1988), *quoting Hull v. Tolentino,* 517 Pa. 328, 330, 536 A.2d 797, 798 (1988).[2] *See also, Posternack v. American Cas. Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966) (pre-trial order denying leave to amend answer to include affirmative defense of *res judicata* was final and appealable).

If the affirmative defense turns on disputed facts and the trial court errs in precluding the assertion of that defense, the case must be retried if appellate review and a reversal occur after the entry of final judgment. Appellate consideration *before* trial in this circumstance would obviate the

1. Contrary to the lower court's assertion, we find that the record—one full of procedural errors, exacerbated by the lack of guidance from the lower court—is insufficient to explain the lower court's equivocation on the issue of whether leave to amend should have been granted. A written opinion should have been filed by the court below to illuminate an otherwise clouded decision.

2. Although *Mineo, supra,* was a plurality decision, all participating justices agreed that the order denying the petitioner leave to amend its new matter to include the affirmative defense of settlement was final and appealable.

possible expense and burden of two trials. On the other hand, where an affirmative defense involves a question of law, the appellate court can simply apply the law to the outcome of the litigation should it find that the trial court abused its discretion in precluding the assertion of that defense.

*Hull,* 536 A.2d at 798–799.

■ "Whether the statute of limitations has run on a claim is usually a question of law for the judge; however, at times, a factual determination by the jury may be required." *Cathcart v. Keene Indus. Insulation,* 324 Pa.Super. 123, 140, 471 A.2d 493, 502 (1984), *citing Smith v. Bell Telephone Co.,* 397 Pa. 134, 142, 153 A.2d 477, 481 (1959). Instantly, there is no factual dispute relative to the defense of statute of limitations. Appellee, William Marble, was injured on February 27, 1985, when he fell from a ladder allegedly manufactured by appellant. It was not until May 28, 1987, that the original defendant filed a writ of summons joining three potential manufacturers, including appellant. Defendant Fred Hill and Son filed a complaint joining appellant on June 30, 1987. This is not a "discovery" rule case. *See, Cathcart, supra* ("discovery rule" case). Thus, we find that under the circumstances of the case *sub judice,* the affirmative defense of statute of limitations simply involves a question of law which may be resolved after final judgment is entered without the need for a second trial. Accordingly, we hold that the order in question is interlocutory, and we quash this appeal. *Cf., Hull, supra. But see, Joyce v. Safeguard Mut. Ins. Co.,* 362 Pa.Super. 522, 524 A.2d 1362 (1987) (refusal to grant leave to file new matter asserting affirmative defense of statute of limitations was final and appealable decision), *reversed on other grounds,* 517 Pa. 488, 539 A.2d 340 (1988).

■ Appellant also contends that the lower court lacked jurisdiction to grant appellees' motion for reconsideration of the lower court's opinion of December 2, 1991, wherein the lower court concluded it had erred in denying appellant's request for leave to amend. However, we find that the court did possess the requisite jurisdiction to rule upon appellees'

motion for reconsideration. As we have previously found herein, an order which denied appellant leave to amend its new matter to include the affirmative defense of the statute of limitations is interlocutory and nonappealable. Thus, appellant's first, second and third notices of appeal from similar orders were all premature, since they were from interlocutory nonappealable orders.[3] The statute which limits the time for reconsideration of orders to 30 days after their entry, 42 Pa.C.S.A. § 5505, applies only to appealable orders. *Hutchinson v. Luddy*, 417 Pa.Super. 93, 108, 611 A.2d 1280, 1288 (1992); *Daywalt v. Montgomery Hospital*, 393 Pa.Super. 118, 122–123, 573 A.2d 1116, 1118 (1990). Accordingly, neither party was precluded from filing a motion for reconsideration of any of the court's orders relating to the amendment of appellee's new matter, since those orders were interlocutory. *See Hutchinson, supra; Daywalt, supra.* Further, the court was not precluded from reconsidering those orders. *Atlantic Richfield Co. v. J.J. White*, 302 Pa.Super. 276, 448 A.2d 634 (1982) (court has inherent power to reconsider its own rulings). *See also* Pa.R.App.P. 1701(b)(6) ("After an appeal is taken ..., the trial court ... may: (6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal....").[4]

3. We note that no petition for permission to appeal an interlocutory order was filed instantly. See Pa.R.App.P. 312, 1311–1323.

4. We note that appellant erroneously confused the lower court's Rule 1925 opinion with an order granting it leave to amend. A Rule 1925 opinion is authored by the lower court for the sole purpose of explaining its reasoning for the decision in question. Pa.R.App.P. 1925. In fact, a review of the lower court's Rule 1925 opinion reveals that its purpose was to advise this Court that its orders of May 13 and 14, 1991, "should be reversed." It did not actually grant appellant leave to amend. Consequently, appellant filed its amended new matter without *actual* permission to do so. Accordingly, appellant must withdraw his amended new matter.

Moreover, even if we were to assume that appellant was correct that an order denying leave to amend is final and appealable, it could not prevail. Once appellant filed its appeal from the "final" order of May 14, 1991, the trial court was divested of jurisdiction. Pa.R.App.P. 1701(a). Therefore, the lower court could not grant appellant's request while the appeal was pending. By withdrawing its appeal of that "final" order, the order of May 14, 1991, became absolute, and appellant's failure to pursue that appeal would have forever foreclosed

In sum, we find that the order of April 27, 1991, which denied appellant's motion for leave to amend its new matter to plead the affirmative defense of the statute of limitations is interlocutory and nonappealable. Accordingly, we quash this appeal and remand for trial.

Interlocutory appeal quashed. Case remanded for trial.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

While the Opinion of the majority reflects a careful analysis and precise rationale, I am compelled to the view that appellant, Louisville Ladder Company, by reason of the decision of this Court in *Horowitz v. Universal Underwriters Ins. Co.*, 397 Pa.Super. 473, 580 A.2d 395 (1990), should have been permitted to amend its new matter to assert the statute of limitations as an affirmative offense.

review of the lower court's decision to deny its request for leave to amend its new matter. *Daywalt*, 573 A.2d at 1118; 42 Pa.C.S.A. § 5505. Thus, if we were to find that, under the circumstances of this case, an order denying leave to amend to plead the affirmative defense of the statute of limitations to be final, appellant would not only be prohibited from amending its new matter, but also appellate review of that issue after final judgment would be foreclosed. However, given the fact that we have determined such an order to be interlocutory, review of the order can occur after final judgment.