643 A.2d 1176

**Carmenza FERNANDEZ,**

v.

**CITY OF PITTSBURGH, Appellant.**

**William ADKINS**

v.

**The CITY OF PITTSBURGH and Carmenza Fernandez.**

**Appeal of the CITY OF PITTSBURGH, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 1994.

Decided June 9, 1994.

664

666

Howard J. Schulberg, Asst. City Sol., and Mary K. Conturo, City Sol., for appellant.

Edward J. Balzarini for appellee, William Adkins.

Kevin R. Lomupo and Marcia L. Cooper for appellee, Carmenza Fernandez.

Before DOYLE, COLINS, McGINLEY, SMITH, FRIEDMAN, KELLEY and NEWMAN, JJ.

SMITH, Judge.

The City of Pittsburgh appeals from the orders of the Court of Common Pleas of Allegheny County which denied the City's post-trial motion seeking judgment notwithstanding the verdict or a new trial, and ordered it to pay delay damages to William Adkins and Carmenza Fernandez (collectively Plaintiffs) in their civil lawsuit against the City arising out of an automobile accident caused by a defective condition in a road.

I.

The issues presented on appeal are whether the trial court erred by allowing Plaintiffs to present evidence regarding subsequent repairs to the street where the accident occurred; a subsequent accident; out-of-court statements by a member of the city council; statements contained in Adkins' medical records; and expert testimony regarding the cause of the accident. Other issues raised are whether Adkins' attorney

made improper remarks in his closing argument; whether the jury was given an adequate basis to determine the cost of future physical therapy; whether the trial court incorrectly calculated Plaintiffs' awards; and whether the trial court had jurisdiction to increase its award for delay damages upon the Plaintiffs' amended motions.

On June 20, 1989, Fernandez was driving a car west on Second Avenue in the City of Pittsburgh when she and Adkins, the passenger, were injured in an automobile collision. Plaintiffs sued the City and alleged, in pertinent part, that a defective condition in the road caused Fernandez' car to strike another vehicle. As a result of the accident, Adkins alleged that he suffered a skull fracture, cerebral trauma with damage to his brain, multiple trauma, ruptured spleen, assorted abrasions, lacerations and contusions, and shock with injury and damage to his nerves and nervous system; and Fernandez alleged she suffered injury to her pelvis, legs, arms, and head.[1] The jury returned a verdict in favor of Plaintiffs and against the City and awarded damages in the amount of $4.5 million to Adkins and $580,000 to Fernandez.

The trial court molded the verdicts to $442,913.35 for Adkins and $57,086.65 for Fernandez, and by separate orders awarded delay damages in the amount of $66,303.73 to Adkins and $3,048.34 to Fernandez. Plaintiffs filed amended motions for delay damages and the City filed a motion for post-trial relief seeking judgment notwithstanding the verdict or a new trial. The trial court granted Plaintiffs' motions and amended Adkins' award of delay damages to $673,642.50 and Fernandez' award to $30,319.14. The court denied the City's motion for post-trial relief.

On appeal to this Court, the City argues that it is entitled to a new trial as a result of numerous evidentiary rulings. Specifically, the City argues that repeated references to repairs made to Second Avenue following the accident and

---

1. Adkins filed his complaint against the City and Fernandez on September 18, 1989. Fernandez filed her complaint on August 27, 1990. The trial court consolidated the cases on December 18, 1991 and by order entered October 6, 1992, the appeals were consolidated by this Court.

testimony regarding a subsequent accident were extremely prejudicial to the City; the remarks made by a city council member about the dangerous condition of the embedded railroad tracks on Second Avenue should not have been permitted because it was hearsay and pertained to settlement discussions of a separate lawsuit against the City; Plaintiffs should not have been permitted to attempt to prove positions of the occupants of the vehicle through the introduction of medical records which contained hearsay; and Adkins' expert should have been precluded from testifying because he had no basis for concluding that the trolley tracks caused the vehicle to lose control as no witness testified that the vehicle came in contact with the trolley tracks. Further, in his closing arguments, Adkins' counsel impermissibly suggested a minimum damage award by referring to the maximum amount of damages to which the City would be exposed, and referred to the cost of future physical therapy when no evidence was offered from which the jury could calculate the cost of the therapy.[2]

## II.

Local agencies are not exposed to liability for tortious conduct, 42 Pa.C.S. § 8541, unless the conduct falls within one of the exceptions provided in 42 Pa.C.S. § 8542. Liability may be imposed upon a local agency for a dangerous condition of a street it owns when a plaintiff establishes that:

> [T]he dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the danger-

---

2. On appeal from an order denying a new trial, this Court's scope of review is limited to determining whether the trial court committed an error of law which controlled the outcome of the case or abused its discretion where the ruling turned on the weight of the evidence. *La Frankie v. Miklich*, 152 Pa.Commonwealth Ct. 163, 618 A.2d 1145 (1992). Questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will not be disturbed absent clear abuse of discretion. *Henry v. McCrudden*, 133 Pa.Commonwealth Ct. 231, 575 A.2d 666, *appeal denied*, 526 Pa. 651, 585 A.2d 470 (1990).

ous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Section 8542(b)(6)(i). Further, the amount of time required to take protective measures "shall be determined with reference to the actual equipment, personnel and facilities available to the local agency and the competing demands therefor." 42 Pa.C.S. § 8542(c). Thus Plaintiffs had the burden to prove that the alleged condition was dangerous, the City had notice of the dangerousness of the condition, and sufficient time elapsed between the City's receipt of notice of the condition and the accident for the City to have taken corrective measures considering the actual equipment, personnel and facilities available to the City.

 Evidence is admissible when it is relevant to a fact sought to be proved. *Martin v. Soblotney*, 502 Pa. 418, 466 A.2d 1022 (1983). Relevant evidence tends to make a fact more or less probable and need not prove conclusively the proposition for which it is offered. *Morrison v. Department of Public Welfare, Office of Mental Health (Woodville State Hosp.)*, 148 Pa.Commonwealth Ct. 245, 610 A.2d 1082 (1992), *appeal granted*, 535 Pa. 626, 629 A.2d 1385 (1993). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion; prejudice does not refer to being detrimental to one party's case but refers to an undue tendency to suggest a decision on an improper basis. *Id.*

a.

 Evidence of subsequent accidents is admissible to demonstrate the existence of a hazardous condition. *See Yoffee v. Pennsylvania Power & Light Co.*, 385 Pa. 520, 123 A.2d 636 (1956); and the decision of whether to admit such evidence rests in the sound discretion of the trial judge. *Mendenhall v. Department of Transportation*, 113 Pa.Commonwealth Ct. 550, 537 A.2d 951, *appeal denied*, 520 Pa. 610, 553 A.2d 971 (1988). Evidence of remedial repairs is not admissible as proof of negligence, *Haas v. Department of Transportation*, 113 Pa.Commonwealth Ct. 218, 536 A.2d 865,

*appeal denied,* 519 Pa. 669, 548 A.2d 258 (1988), although it is admissible if competent for another purpose and the trial court issues a limiting instruction to the jury. *Henry v. McCrudden,* 133 Pa.Commonwealth Ct. 231, 575 A.2d 666, *appeal denied,* 526 Pa. 651, 585 A.2d 470 (1990).

In the matter sub judice, the trial court permitted Carmen McDonald to testify that on the same day as Plaintiffs' accident, she slid on the tracks, lost control of her car and collided with another vehicle while she was driving west along Second Avenue in the rain. The City maintains that permitting this testimony constituted an abuse of discretion since McDonald's accident was not sufficiently similar to Plaintiffs. However, the testimony is relevant to the dangerous character of the tracks on the day of the accident and thus the trial court did not abuse its discretion by determining that McDonald's accident was sufficiently similar in time, location, and manner of occurrence and was therefore admissible as evidence.

The trial court also allowed Plaintiffs to present evidence that two weeks after the accident the City works department paved over the tracks on Second Avenue because this evidence was probative of whether the City had sufficient time prior to the accident to protect against the dangerous. condition. Further, the trial court instructed the jury that:

> During the course of this trial there was evidence showing that the road was paved shortly after the accident on June 20th, 1989. The paving of the road is admissible not to show negligence but to show that it was feasible for the City of Pittsburgh to pave Second Avenue. That is, that it was not costly or burdensome to change the condition of the road. . . .

N.T., p. 565. In its appeal, the City does not contend that it did not have actual notice of the dangerous condition, but argues that this evidence was not relevant for the purpose of asserting negligence because the feasibility of repairing Second Avenue was never disputed; and that it is entitled to a

new trial because the trial court failed to give a "limiting instruction" at the time the evidence was introduced.

The evidence sufficiently established that the City possessed the resources, material and equipment necessary to eliminate the condition. As the trial court noted, "the procedure to be used to correct the problem of embedded tracks in the pavement is not knowledge which would be held by the average person" (Opinion, p. 6); and a jury could have assumed that because removal of the rail line and complete reconstruction of the highway was necessary to eliminate the hazard, the period between the time the City had notice of the condition and the accident was insufficient to plan and correct the hazard. Moreover, the trial court properly instructed the jury, at the close of the evidence, that the evidence regarding paving Second Avenue is not admissible to prove negligence but only to show that it was not costly or burdensome to alter the road's condition. The City did not request the trial court to give such an instruction at the time the evidence was received.

b.

■■■■ Out-of-court statements not offered to prove the truth of the matters asserted are not hearsay and are admissible if relevant for other proper purposes. *See Foster v. Westmoreland Casualty Co.,* 145 Pa.Commonwealth Ct. 638, 604 A.2d 1131 (1992). The trial court permitted Adkins' counsel to read into the record a portion of the minutes of the city council proceedings on November 9, 1987 which included the following remarks by a member of the council:

> We have tens of thousands of people, many eastern communities that travel the street on a daily basis. What caused this accident, what is indicated what caused this accident are the streetcar tracks on the street that still exist on Second Avenue ... What are we doing to correct this hazard?
>
> . . . . .
>
> I think we could have corrected this hazard real quick for a few dollars, ... with paving over the tracks.
>
> . . . . .

[Streetcars stopped] running on the road a decade ago, we still have tracks on it which create a hazard particularly under wet conditions on the road. I'd like to know when these hazards are going to be corrected.

N.T. at 68–70.

 Adkins' counsel represented to the trial court that the councilman's statements were not offered to prove the truth of the statements therein, but as evidence that the City had notice of the dangerous condition the tracks presented on Second Avenue in November 1987. Therefore, the statements are not hearsay and the trial court properly exercised its discretion and admitted the evidence. The City's contention that this statement is not relevant to this case because it pertained to the settlement of another case has absolutely no merit. This evidence is clearly relevant to and probative of whether the City had notice and therefore the trial court's admission of the evidence was not error.[3]

 The trial court admitted the videotaped deposition testimony of Frank E. Jones, M.D., Adkins' trauma surgeon. During the course of the deposition, and without objection from counsel for the City, Dr. Jones related a statement contained in Adkins' medical history that Adkins was a passenger in the vehicle. Dr. Jones further testified that the history was not obtained from Adkins due to his injuries, but that the paramedics who observed his position in the vehicle gave the history to the emergency room personnel. The trial court submitted to the jury the issue of which person was

---

**3.** The City cites *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986), and argues that statements made by a member of the city council about a dangerous condition of a street at a city council meeting does not constitute notice to the governing body that a dangerous condition in fact exists. This argument lacks merit because the testimony clearly established, and the City has not challenged, the fact that city council is the body that must authorize funds to repair dangerous conditions on the City's streets. Moreover, the City's reliance upon *Consumer Party of Pennsylvania* is misplaced as notice pursuant to 42 Pa.C.S. 8542(b)(6) was not an issue in that case which holds that Sections 1–4 of the Public Official Compensation Law, Act of September 30, 1983, P.L. 160, 65 P.S. §§ 366.1—366.4, is constitutional.

driving the vehicle with instructions to determine whether the operator was contributorily negligent. The jury found that neither Fernandez or Adkins was contributorily negligent. Thus whether the jury considered the alleged hearsay statements is immaterial and any alleged error in admitting the challenged evidence is harmless. *See Gateside–Queensgate Co. v. Delaware Petroleum Co.,* 134 Pa.Commonwealth Ct. 603, 580 A.2d 443 (1990) (harmless error is not grounds for reversal).

#### c.

Adkins presented to the jury James D. Madden, an accident reconstruction engineer, who testified regarding the dangerous condition of the wet streetcar tracks on Second Avenue and the causal relationship between the tracks and the Plaintiffs' accident. The City objected because there was no evidence in the record which established that the vehicle made contact with the trolley tracks, and therefore no foundation was established for Dr. Madden's testimony.

An expert witness' opinion must be based on facts established by the evidence. *See McGaffic v. Redevelopment Auth. of New Castle,* 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *appeals denied,* 523 Pa. 644, 645, 565 A.d 1168, 1169 (1989). Dr. Madden testified that he examined photographs including those taken by the police and admitted into evidence; reviewed the police report; inspected the accident scene; and calculated the speed at which the car must have been travelling in relation to the location on the street and the manner in which the accident occurred. He opined that the vehicle went out of control and moved into the oncoming lane of traffic due to the dangerous condition of the wet tracks. Since Dr. Madden's opinion as to the cause of the accident is based upon facts established in the record, the trial court did not abuse its discretion by permitting the jury to consider his testimony.

#### d.

Adkins' counsel told the jury during closing argument that the statutory cap on the damages which can be recovered

against the City is $500,000, but that the jury should ignore the cap and "return a full and adequate and complete verdict ignoring that cap because there are other sources that we'll be able to explore apart from the City of Pittsburgh if the verdict permits us to do so." N.T. at 523. Adkins' counsel also stated:

You heard the testimony of the medical doctor that [Adkins] needs future physical therapy. Physical therapy has been running $1,500 to $2,000 a month. And he needs this therapy just to keep his muscles from going into contracture, to keep him to the degree of mobility that you see today on this unfortunate young man.

You take $1,500 a month, you're talking another $18,000 a year times 43 years.

N.T. at 527.

In closing argument, counsel may discuss the applicable law but may not misstate the law or discuss it in a way so as to confuse the jury. *Commonwealth v. Gwaltney*, 479 Pa. 88, 387 A.2d 848 (1978). It is well established that counsel may not request specific sums of money from the jury during closing argument, *see Richardson v. LaBuz*, 81 Pa.Commonwealth Ct. 436, 474 A.2d 1181 (1984); and that statements by counsel which are not based upon evidence and tend to influence a jury on issues are improper and will not be tolerated. *Hunt v. Herman Pneumatic Machine Co.*, 221 Pa.Superior Ct. 328, 293 A.2d 105 (1972). The limitation on damages against the City is set forth in 42 Pa.C.S. § 8553(b) which restricts damages arising from the same cause of action or occurrence to $500,000. Counsel's reference to a $500,000 limitation was therefore a correct statement of the law.

Adkins' counsel did not request a specific amount of money for general damages but merely beseeched the jury to return a full and adequate verdict; and the City was clearly not prejudiced by counsel's reference to the statutory limit considering the injuries sustained and the fact that Adkins' medical bills totaled $361,038.20 and Fernandez' medical bills totaled $72,179.15. With respect to Adkins' request for future

damages, Jeanne M. Hanchett, M.D., Adkins' treating physician at the Rehabilitation Institute of Pittsburgh, testified that Adkins will continue to need therapy to allow him to function. In addition, the trial court admitted into evidence an itemized list indicating the cost of Adkins' past medical expenses for physical therapy, copies of monthly physical therapy bills, and evidence of Adkins' life expectancy. Hence, the reference to future medical costs was based upon the evidence and was not prejudicial.

### III.

The City argues that 42 Pa.C.S. § 8553(d) requires the court to subtract any applicable insurance proceeds from the maximum statutory recovery of $500,000 as the legislature attempted to limit the exposure of municipal governments and to allow those same bodies to offset insurance proceeds; and the trial court did not have jurisdiction to revisit the issue of delay damages because the court ordered those damages five months earlier and could not amend its order after thirty days from the date it was issued.

The extent to which damage awards are recoverable from a municipality is set forth in 42 Pa.C.S. § 8553, which provides in pertinent part:

**(b) Amounts recoverable.**—Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $500,000 in the aggregate.

**(c) Types of losses recognized.**—*Damages shall be recoverable* only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses.

**(d) Insurance benefits.**—If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of *damages which would otherwise be recoverable* by such claimant. [Emphasis added.]

In *Giosa v. School Dist. of Philadelphia,* 157 Pa.Commonwealth Ct. 489, 630 A.2d 511, *appeal denied,* 525 Pa. 629 (No. 639 E.D. Allocatur Dkt.1993, filed December 14, 1993) a personal injury claim following a fall on the school district's sidewalk, this Court relied upon Sections 1921(b) and 1924 of the Statutory Construction Act, 1 Pa.C.S. §§ 1921(b), 1924, in interpreting the applicable language in Section 8553 relating to deductions for insurance benefits.[4] The Court determined that a jury verdict should first be molded to the statutory limit of $500,000 before insurance benefits are deducted. The Court reasoned that because Section 8553(d) provides that insurance benefits "shall be deducted from the amounts of damages which would otherwise be recoverable," the benefits should be deducted from the statutory limit set forth in Section 8553(b), entitled "Amounts Recoverable," which requires that the total sums recoverable against a municipality shall not exceed $500,000. In so holding, it was presumed that

4. Section 1921(b) provides that when words of a statute are unambiguous, the letter of the statute shall not be disregarded under the pretext of pursuing its spirit; Section 1924 allows that the title of a statute may be considered in construction of a statute but is not however controlling.

drafters of the legislation intended the interpretation reached by this Court.

However, it is axiomatic that where language in a statute is explicit and clear, this Court will not disturb the plain meaning of that language by resorting to the rules of statutory construction. *Pennsylvania State Lodge of Fraternal Order of Police v. Bailey,* 128 Pa.Commonwealth Ct. 72, 562 A.2d 985 (1989), *aff'd,* 525 Pa. 265, 579 A.2d 1295 (1990). While 1 Pa.C.S. § 1924 permits a court to consider the title of a statute when it seeks to ascertain and effectuate the intention of the General Assembly, it expressly prohibits considering "headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute" as controlling over the statute's plain words. *See Commonwealth v. Magwood,* 503 Pa. 169, 469 A.2d 115 (1983).

The plain words in Section 8553 provide that insurance benefits should be deducted from a jury verdict before the verdict is molded to the statutory limit. Section 8553(d) specifically refers to damages which are recoverable under Section 8553(c), and subsection (d) makes no reference to Section 8553(b) which specifies the $500,000 statutory limit. Those damages which would otherwise be recoverable and from which insurance benefits shall be deducted are specified in subsection (c) and include, inter alia, damages recoverable in customary tort claims for lost wages, medical expenses, and pain and suffering. The jury awards represent the damages recoverable by Fernandez and Adkins under subsection (c). Thus any medical insurance benefits received by Adkins should be deducted from the jury award in his favor, not the statutory cap.

Had the legislature intended the result urged by the City and applied by this Court in *Giosa,* the legislature would have specifically provided that insurance benefits shall be deducted from the molded statutory cap of $500,000 in accordance with subsection (b) entitled "Amounts recoverable" rather than specifically and exclusively referring in subsection (d) to dam-

ages which are otherwise recoverable under subsection (c).[5] The trial court therefore did not err by deducting Adkins' insurance proceeds from the jury verdict. The holding in *Giosa* to the contrary that insurance benefits are to be deducted from the statutory cap on liability against a municipality is hereby expressly overruled.[6]

 ■ Finally, the trial court granted Plaintiffs' motions for delay damages and calculated those damages upon the statutory limit. While the City's motion for post-trial relief was pending, Plaintiffs filed amended motions requesting that the court reconsider its earlier order and award additional delay damages based upon *Woods v. Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992). The Supreme Court held in *Woods* that delay damages are to be calculated upon the jury verdict rather than based on the molded verdict pursuant to the statutory limit set forth in 42 Pa.C.S. § 8528(b) which allows that damages for delay shall be added to the compensatory damages awarded against a defendant found liable to the plaintiff.

**5.** *See also Woods v. Department of Transportation,* 531 Pa. 295, 612 A.2d 970 (1992) (recognizing that if the legislature intended for delay damages to be calculated upon the statutory limitation provided for in 42 Pa.C.S. § 8528(b) rather than upon jury awards, the legislature would not have referred to the verdict of the jury but would have specifically used the phrase "amount recoverable" or other limiting language which it chose not to use and which the Court is not free to add under the pretext of pursuing the spirit of the rule); *Germantown Savings Bank v. City of Philadelphia,* 98 Pa.Commonwealth Ct. 508, 512 A.2d 756 (1986), *aff'd,* 517 Pa. 313, 535 A.2d 1052, *appeal dismissed,* 486 U.S. 1049, 108 S.Ct. 2812, 100 L.Ed.2d 913 (1988) (noting that a jury may award such damages as the evidence warrants, but that the award must be reduced by the amount of insurance proceeds paid to a claimant); *City of Philadelphia v. Nationwide Ins. Co.,* 92 Pa.Commonwealth Ct. 20, 498 A.2d 462 (1985) (recognizing that the legislature intended claimants to recover only damages for which insurance benefits are not available).

**6.** Moreover, in *City of Wilkes–Barre v. Zaledonis,* 125 Pa.Commonwealth Ct. 392, 557 A.2d 836 (1989), this Court held that medical assistance payments received by a party are not payments received under a policy of insurance as defined by Section 8553(d). Since Fernandez' medical treatment was paid for by medical assistance and no other collateral source of benefits existed, the trial court did not err by refusing to deduct Fernandez' medical assistance payments from the jury award.

The City argues that 42 Pa.C.S. § 5505 only permits a court to modify an order within thirty days and since four months elapsed between its initial and subsequent orders, the court had no jurisdiction to amend its initial order. However, the time limitation for reconsideration of an order set forth in Section 5505 applies only to appealable orders, *Marble v. Fred Hill & Son*, 425 Pa.Superior Ct. 149, 624 A.2d 190 (1993); and since the orders were not entered as a judgment or final decree, the trial court had the inherent power to grant requests to reconsider the orders at any time prior to its final disposition of the matter. *See In re interest of C.K.*, 369 Pa.Superior Ct. 445, 535 A.2d 634 (1987).

Accordingly, based upon the foregoing reasons, the orders of the trial court are affirmed.

## ORDER

AND NOW, this 9th day of June, 1994, the orders of the Court of Common Pleas of Allegheny County are affirmed.

CRAIG, President Judge did not participate in the decision of this case, in accordance with order of court at the within docket numbers, dated May 17, 1994.

PELLEGRINI, J., did not participate in the decision in this case.

DOYLE, Judge, concurring and dissenting.

While the majority opinion carefully analyzes all of the issues in this many faceted appeal, I must respectfully dissent from two of the conclusions reached therein, *viz.*, the decision to overrule *Giosa v. School District of Philadelphia*, 157 Pa.Commonwealth Ct. 489, 630 A.2d 511 (*Giosa II* ), *petition for allowance of appeal denied*, 525 Pa. 629, 578 A.2d 416 (No. 639 E.D. Allocatur Dkt. 1993, filed December 14, 1993), dealing with the offset for insurance benefits, and second, the modification of the prior order of the common pleas court.

First, concerning the deduction of insurance benefits "from the amount of damages which would otherwise be recovera-

ble," under Section 8553(d) of the Judicial Code, 42 Pa.C.S. § 8553(d), our opinion in *Giosa II,* I believe, reached the correct result for the cogent reasons expressed by President Judge Craig writing for this Court sitting en banc.

Second, I respectfully disagree with the majority's holding which would permit the trial court to modify its previous order regarding delay damages. Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, is explicit and states that "a court ... may modify or rescind any order within 30 days after its entry...." That language is, in my opinion, abundantly clear.

Further, the two cases upon which the majority relies for authority to reach the result it does, are inapposite. *Marble v. Fred Hill & Son,* 425 Pa.Superior Ct. 149, 624 A.2d 190 (1993), concerned an appeal from an order of the common pleas court which denied appellant the opportunity to amend its answer and new matter to assert the affirmative defense of the statute of limitations. The *Marble* court, "finding the order in question to be interlocutory," quashed the appeal and remanded for trial. In the appeal now before us we are not dealing with an interlocutory order; otherwise, how could it have been appealed?

The other case authority relied upon by the majority, *In re Interest of C.K.,* 369 Pa.Superior Ct. 445, 535 A.2d 634 (1987), concerned the filing of an appeal nunc pro tunc in an appellate court and that decision merely held that the appeal was untimely because there was no fraud or breakdown in the court's operations. *C.K.,* therefore, is also inapposite to the issue presented here.

Apart from the two issues discussed, I concur in all other respects with the majority opinion.

McGINLEY and KELLEY, JJ., join in this concurring and dissenting opinion.