557 A.2d 419

**Daniel P. HOWELL, Appellant,**

v.

**Theodore CLYDE and Pamela Clyde, his Wife, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1988.

Filed April 17, 1989.

Arthur Cutruzzula, Pittsburgh, for appellant.

Darryl R. Slimak, State College, for appellees.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

Daniel Howell, Appellant, was injured when a miniature cannon owned by Theodore and Pamela Clyde, Appellees, exploded. Howell brought suit against the Clydes for damages. At the end of Howell's case-in-chief, the Clydes were granted a compulsory non-suit. Howell filed a Petition for Post–Trial Relief requesting the trial court to remove the non-suit. The trial court denied the Motion and this appeal followed.

Howell attended a "Fourth of July" party at the Clydes' home. During the party, fireworks were set off. As the evening wore on, a number of people began to talk about Theodore Clyde's cannon. This cannon was a cast iron hollowed-out piece of pipe approximately 14 inches in length which had been made by Clyde's grandfather. The party-goers discussed discharging the cannon but Clyde had no gun powder. Howell, who had previously owned a muzzle loader gun, supplied the gun powder. He helped Clyde pour the powder into the cannon and then watched Clyde pack wadding into the muzzel. When Clyde lit the fuse of the cannon he warned his guests to stand back. The

majority of the guests stood behind a nearby car while Howell stood 30 to 40 feet away from the cannon but in front of the car. When the cannon fired it broke into pieces and one of the fragments hit Howell in the thigh.

The trial court found that, as a matter of law, the danger was obvious to any adult of normal intelligence, that Howell had assumed the risk and, therefore, granted the Clydes' Motion for a Compulsory Non–Suit. Howell appeals raising two issues which, taken together, ask whether the trial court properly granted a non-suit to the Clydes on the basis of the evidence presented and on the doctrine of assumption of risk. We think not and vacate the judgment of non-suit and remand for a new trial.

The applicability of the assumption of risk doctrine has been in flux in Pennsylvania for some time. In *Rutter v. Northeastern Beaver School District*, 496 Pa. 590, 437 A.2d 1198 (1981), a plurality of the Pennsylvania Supreme Court announced that "except where specifically preserved by statute; or in cases of express assumption of risk, or cases brought under 402A, (a strict liability theory), the doctrine of assumption of risk is abolished." 496 Pa. at 613, 437 A.2d 1198. *Rutter* involved a high school student who was injured during football practice. The trial court ruled that he had assumed the risk and granted the school district a non-suit. The Superior Court affirmed but the Supreme Court reversed stating that:

... the difficulties of using the term "assumption of risk" outweigh the benefits. The issues should be limited to negligence and contributory negligence. Those are the problems in the case at bar and in all cases brought on a negligence theory. There is no need to introduce further complications. The policy reasons which once existed to preserve the doctrine because of its use in the master-servant cases no longer exist.

496 Pa. at 613, 437 A.2d 1198.

Two years later a majority of the Supreme Court reversed a trial court decision because the trial court had not given an assumption of risk instruction to the jury. In *Carrender v. Fitterer* 503 Pa. 178, 469 A.2d 120 (1983), the

plaintiff was a patient who parked in her doctor's parking lot. The plaintiff testified that certain parts of the lot were icy and she was aware of this condition but proceeded to walk on the ice. The patient fell on the ice on the way back to her car and brought suit against the doctor. The Supreme Court held that the defendant owed no duty to the plaintiff because a possessor of land is not liable to invitees for obvious dangers of which the invitee is aware. The Supreme Court based its decision on the duties of landowners to invitees and wrote that "the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks." 503 Pa. at 188, 469 A.2d 120.

The Supreme Court attempted to reconcile *Carrender* with *Rutter* by pointing out that while *Rutter* was a plurality opinion, both cases mean that "holding that a risk has been assumed is in many cases tantamount to a determination that, as a matter of law, the defendant owed the plaintiff no duty." 503 Pa. at 189, Note 6, 469 A.2d 120. In *Malinder v. Jenkins Elevator and Machine Co.*, 371 Pa.Super. 414, 538 A.2d 509 (1988) an en banc panel of the Superior Court held that assumption of risk is still a viable defense where "the record fails to establish a duty owed by the defendants to the plaintiff." 371 Pa.Super. at 427, 538 A.2d 509. *Malinder* concerned a person who was struck by an elevator after he put his head in the elevator shaft to call for the freight elevator. The usual method to call for the elevator was an intercom system which was working the day of the injury. The plaintiff brought suit against various defendants including those who had undertaken the duty to inspect the elevator. The jury found in favor of the plaintiff, but on appeal the Superior Court held that the facts in this case were indistinguishable from *Carrender*. Consequently, the defendants had the same duty to the plaintiff that the landowner had to his invitee who was aware of the dangerous conditions: none.

Taken together, these cases do give one beacon of guidance for the present case. That is, the assumption of risk defense, at the non-suit stage at trial, is generally

limited to situations where no duty of care is owed to the plaintiff. In order to receive a non-suit based on the assumption of risk defense, it must be established that the defendant has breached no duty of care owed to the plaintiff. Where the duty of care owed by the defendant has been breached, the question of whether the plaintiff has assumed the specific risk of injury should be submitted to the jury. We do not decide today whether a non-suit should be granted in a situation where the defendant owed a duty of care to the plaintiff and there is no question that the plaintiff knowingly accepted the risk of injury. (For a comprehensive discussion about the applicability of the assumption of risk doctrine at the non-suit stage see Justice Flaherty's plurality opinion in *Rutter*, supra.)

The court erred in granting a non-suit in favor of the Clydes on the basis of the assumption of the risk doctrine. The court could only have granted a non-suit had Howell's evidence failed to demonstrate a breach of a duty owed by the Clydes. That was not the case. Because the record does not establish that Howell knew of the existence of the specific risk he was alleged to have assumed, it cannot be held as a matter of law that he assumed the risk or that the Clydes owed any duty to him. See, *Rutter, supra.* Judgment of non-suit lifted. Case remanded for new trial. Jurisdiction relinquished.