J-A19035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GENE C. BENCKINI T/A BENCKINI NURSERIES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHARLES GRANT, JR. T/A GRANTS AUTO SALVAGE | No. 3268 EDA 2015 |

Appeal from the Order Entered October 8, 2015
in the Court of Common Pleas of Lehigh County Civil Division
at No(s): 2014-C-3970

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED OCTOBER 19, 2016**

*Pro se* Appellant, Gene C. Benckini,[1] trading as Benckini Nurseries, appeals from the order granting the motion for summary judgment filed by Appellee, Charles Grant, Jr., trading as Grants Auto Salvage. Appellant contends that he timely filed his 2014 complaint within the two-year statute of limitations for conversion that allegedly occurred in 2007. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion. **See** Trial Ct. Op., 10/7/15, at 2-4; **see also Benckini v. Hawk**, 654 F. Supp. 2d 310, 316-19 (E.D. Pa. 2009) (summarizing exhaustive

---

[*] Former Justice specially assigned to the Superior Court.

[1] As one court noted, Appellant is a frequent *pro se* litigant. **See Benckini v. Hawk**, No. 07-3580, 2009 WL 1078138 (E.D. Pa. Apr. 21, 2009).

history of this case); ***Benckini v. Lichtenwalner***, No. 2956 EDA 2012, 2013 WL 11253383 (Pa. Super. Sept. 26, 2013) (joined by Fitzgerald, J.) (unpublished memorandum) (same). Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement, which spanned twenty-three paragraphs over six pages. The trial court declined to find waiver as it could discern Appellant's issue.

In support of his issue, Appellant asserts that the thefts that form the basis of his complaint occurred in 2012 and 2013. Appellant thus reasons that his complaint, filed on December 9, 2014, fell within the two-year statute of limitations. Appellant did not support his allegations with citations to the record.

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the nonmoving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion.

***Charlie v. Erie Ins. Exchange***, 100 A.3d 244, 250 (Pa. Super. 2014) (alteration and citation omitted). "Generally, for purposes of applying the statute of limitations, a claim accrues when the plaintiff is injured." ***Rancosky v. Washington Nat'l Ins. Co.***, 130 A.3d 79, 99 (Pa. Super. 2015) (citation omitted). "Whether the statute of limitations has run on a claim is usually a question of law for the judge; however, at times, a factual determination by the jury may be required." ***Marble v. Fred Hill & Son***, 624 A.2d 190, 192 (Pa. Super. 1993) (citation omitted). Finally, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citation omitted).

Instantly, after careful review of the parties' briefs (including a liberal construction of Appellant's *pro se* brief, **see id.**), the certified record, and the trial court's decision, we affirm on the basis of the trial court's reasoning. **See** Trial Ct. Op. at 5-7 (holding (1) Appellant failed to substantiate allegation that Appellee allegedly misappropriated Appellant's property between 2012 and 2013; (2) Appellee's only interaction with Appellant was in 2007, seven years before Appellant filed the instant complaint; and (3) Appellant's claims are time-barred). Accordingly, having discerned no error of law, we affirm the order below.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2016

FILED 11/10/2015 1:    :5 PM,Clerk of Judicial Records, Civ    vision, Lehigh County, PA
2014-C-3970    /s/I S

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

GENE C BENCKINI, TRADING AS )
BENCKINI NURSERIES, )
      Appellant, ) File No. 2014-C-3970
  - VS - )
CHARLES GRANT, JR., TRADING AS )
GRANTS AUTO SALVAGE )
      Appellee )

### ORDER

AND NOW, this /0/ day of November, 2015,

IT APPEARING Appellant has filed a Concise Statement of Matters Complained of on Appeal on November 9, 2015,

IT FURTHER APPEARING the accompanying Memorandum Opinion satisfies the requirements of Pa.R.A.P. 1925(a),

IT IS ORDERED the Clerk of Courts Civil Division shall transmit the record in the above-captioned case to the Superior Court forthwith.

By the Court:

Douglas G. Reichley, J.

1

55

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

GENE C BENCKINI, TRADING AS          )
BENCKINI NURSERIES,                  )
                 Appellant,          )   File No. 2014-C-3970
      - VS -                         )
CHARLES GRANT, JR., TRADING AS       )
GRANTS AUTO SALVAGE                  )
                 Appellee            )

November 12, 2015

Douglas G. Reichley, J.

### 1925(a) Opinion

Gene C. Benkini, Appellant, is appealing from the order entered October 8, 2015 granting Appellee's Motion for Summary Judgment on the basis that the within litigation is time-barred and Appellant's claims were precluded by the applicable statute of limitations. For the reasons set forth herein, the Court respectfully recommends that its order granting Appellee's Motion for Summary Judgment be affirmed.

### Factual and Procedural Background

In 1996, Appellant entered into an oral lease agreement for 6.5 acres of land owned by Lloyd Lichtenwalner for the purpose of growing trees for nursery stock. In 2006, Lichtenwalner filed a complaint in ejectment, trespass, and assumpsit. He alleged the lease between himself and Appellant had been terminated. A Magisterial District Judge entered judgment in favor of Lichtenwalner, and Appellant appealed to the Lehigh County Court of Common Pleas.

On appeal, Appellant alleged that over $250,000 of inventory remained on the leased premises. Appellant requested damages for that property. The case proceeded to arbitration, and the arbitrators entered an award in favor of Lichtenwalner on April 17, 2006. Appellant did not file an appeal or otherwise seek to challenge the arbitration award.

2

On September 6, 2007, Appellant filed a writ of summons in the Court of Common Pleas of Lehigh County, docketed at 2007-C-3155, against the Lichtenwalners. There was not any additional action in that case until the Honorable Carol K. McGinley sent a purge notice to Appellant pursuant to Pa.R.C.P. 230.2 in 2010. Appellant filed a *pro se* complaint on July 9, 2012, and after preliminary objections were filed, he filed an amended complaint on August 22, 2012. The amended complaint alleged breach of contract and unjust enrichment stemming from the termination of the 1996 lease that was the subject of the 2006 litigation. The Lichtenwalners filed new preliminary objections to the amended complaint. Judge McGinley sustained those preliminary objections on September 24, 2012 and dismissed the matter entirely on the basis of *res judicata*. Appellant appealed and the Superior Court affirmed the dismissal on September 26, 2013 because his claims had previously been resolved through arbitration.

The instant action was initiated by Appellant filing a complaint on December 9, 2014. The original complaint named both Charles Grant, Jr. and Lloyd Lichtenwalner as Appellees. Appellant filed an amended complaint on January 14, 2015.

The complaints averred that the named Appellees converted trees and equipment belonging to Appellant from Lichtenwalner's property stemming from the 1996 agreement.

Both Appellees filed preliminary objections in February of 2015. Lichtenwalner's preliminary objections asserted that this action, like the prior 2007 action, was barred by the doctrine of *res judicata*. On April 23, 2015, the Court entered an order sustaining both Appellees' preliminary objections. Lichtenwalner was stricken as a named Appellee with prejudice based on the Court's finding that claims against him in relation to the 1996 lease are barred by *res judicata*, consistent with Judge McGinley's prior decision which was upheld by the Superior Court. Appellee Grant's preliminary objections were sustained as well, but the Court

3

afforded Appellant another opportunity to properly plead his causes of action against Appellee Grant.

On May 5, 2015, Appellant filed a Second Amended Complaint. Appellee Grant again filed preliminary objections raising technical deficiencies in the complaint. The Court sustained those objections on June 17, 2015. Appellant filed a Third Amended Complaint on June 29, 2015, and Appellee filed an Answer on July 22, 2015.

The Third Amended Complaint's salient factual averments are that Appellee Grant removed vehicles and trees from Lichtenwalner's property which belonged to Appellant. The complaint set forth that the removal occurred sometime between 2012 and 2013. Appellant averred that Appellee Grant, through the operation of his business Grant's Auto Salvage, wrongfully removed the subject equipment and trees.

On September 1, 2015, Appellee filed a motion for summary judgment. Appellant filed his own motion for summary judgment on September 16, 2015, and the Court heard oral argument on the motions on October 6, 2015.

On October 8, 2015, the Court entered an order granting Appellee's summary judgment motion and dismissing the case with prejudice on the grounds that the litigation was time-barred by the statute of limitations.

On October 28, 2015, Appellant filed a Notice of Appeal. The Court directed him to file a Concise Statement by Order dated October 30, 2015. Appellant filed his Concise Statement on November 9, 2015.

This opinion follows.

4

## Discussion

Appellant is proceeding *pro se* in this appeal. His concise statement does not satisfy the requirements of Pa.R.A.P. 1925(b) because it instead consists of a series of numbered paragraphs detailing Appellant's perspective on the facts and circumstances of the case. However, recognizing Appellant's status as a *pro se* litigant, the salient issue Appellant is attempting to raise is whether the Court erred in granting summary judgment on the basis of the statute of limitations. Related to that, Appellant further asserts that the evidence upon which the Court's order was based was manufactured and falsified.

Any party may move for summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. Pa.R.C.P. 1035.2. In order to overcome a motion for summary judgment, the "non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party." *Rauch v. Mike-Mayer,* 783 A.2d 815, 824 (Pa. Super. 2001). On appeal from an order granting summary judgment, the appellate court's scope of review is plenary, and courts "will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion." *Harahan v. AC & S, Inc.,* 816 A.2d 296, 297 (Pa. Super. 2003).

Appellee's motion for summary judgment asserted that this action is barred by the applicable statute of limitations. Because Appellant's complaint alleged Appellee wrongfully took Appellant's personal property, his claims are subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524.

5

Appellee owns and operates a salvor's business. Salvors are subject to certain specified statutory requirements in Pennsylvania. 67 Pa. Code § 253.1 *et seq.* Where a police department requests that a salvor tow an abandoned vehicle, salvors are expressly precluded from refusing that request. 67 Pa. Code § 253.5(a). There is also documentation that salvors are required to provide to the police documenting relevant information. *Id.* § 253.5(b).

Appellant's Third Amended Complaint in this case asserted that the equipment and trees were taken between 2012 and 2013. (Third Amended Complaint, ¶ 9.) However, in the prior litigation with Mr. Lichtenwalner, Appellant alleged that the equipment and trees were sold between January of 2006 and November of 2009. (Amended Complaint, 2007-C-3155, ¶ 63.) In this case, Appellant did not offer any evidentiary support regarding the timing of the purported taking of his equipment and trees.

By contrast, Appellee presented an exhibit in his motion for summary judgment in the form of a notarized affidavit from Robert E. Coyle, the current Police Chief for the Upper Saucon Township Police Department. In Chief Coyle's affidavit, he indicated that on May 4, 2007, Lloyd Lichtenwalner reported that the subject vehicles were abandoned. An officer responded to the scene and subsequently directed Appellee Grant to remove the vehicles which were determined to be abandoned. The vehicles were removed on May 18, 2007. Chief Coyle's affidavit includes an incident report from May 4, 2007 as an exhibit, detailing the information about the vehicles that Appellee removed from Lichtenwalner's property.

In response to Appellee's exhibit, and as an issue in the instant appeal, Appellant asserted Chief Coyle lied in his affidavit and manufactured the incident report. Appellant did not offer any evidence in support of his allegations. Further, Appellant did not offer any evidence to establish that Appellee Grant salvaged equipment or trees Appellant owned at any time *other*

6

than 2007. His blanket assertions about vehicles being removed between 2012 and 2013 were wholly unsupported.

Consequently, the sole evidence of record indicates that the only interaction Appellee Grant had with Appellant's property occurred in May of 2007. Appellant failed to offer any additional evidentiary support linking Appellee to any purported incidents between 2012 and 2013. Accordingly, the Court found that the instant litigation stems from the only incident of record: Appellee's removal of Appellant's equipment from Lichtenwalner's property in May of 2007. Because the statute of limitations for such claims is two years and the instant litigation was not initiated until December of 2014, the Court properly held that Appellant's claims against Appellee Grant were statutorily time-barred.

## Conclusion

Because the only evidence of record indicated that the incident in which Appellee Grant was involved relating to the removal of Appellant's property occurred in May of 2007, and because Appellant's complaint in this case was not filed until December of 2014, the instant action is time-barred by the applicable statute of limitations. Accordingly, the Court properly granted Appellee's motion for summary judgment and the Court respectfully recommends that its order of October 8, 2015 be affirmed.

By the Court:

_Douglas M. Reichley_
Douglas G. Reichley, J.

7

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

## Document Distribution List

File No.: 2014-C-3970                                     11/10/2015

| Gene C Benckini ✓ | 612 Locust St<br>Coopersburg PA 18036 |
| Stephen A Shelly, Esq ✓ | 525 West Broad Street<br>Quakertown PA 18951 |

## 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in the above captioned matter has been entered.

Andrea E. Naugle
Clerk of Judicial Records

CV15b